## TAPLIN v. WASHINGTON NAT. INS. CO.
### No. 16847.

Court of Appeal of Louisiana. Orleans.
Feb. 7, 1938.

Herman L. Midlo, of New Orleans, for appellant.

Cabral & Graham, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on a policy of industrial life insurance brought by a beneficiary, Grace Taplin, claiming $139, the face value of the policy. The claim is resisted upon the ground that the policy is void because ob-

tained by willful and fraudulent misrepresentation concerning the health of the assured.

There was judgment below in defendant's. favor dismissing plaintiff's suit, and she has appealed.

The application, which is in evidence, contains the following interrogatories which were answered by the deceased applicant in the negative:

"Give below history of all illness and accidents during past five years, (whether treated at home, doctor's office, hospital, dispensary or institution of any kind)."

"Are you deaf, blind, ruptured or have you any physical defect or mental defect or infirmity of any kind? If yes, state details."

The assured, Tom Johnson, applied for life insurance on February 24, 1937, the policy was issued to him on March 8, 1937, and he died at his home on July 9, 1937, about four months after the issuance of the policy. The cause of death as it appears in the death certificate issued by the attending physician was "cardiac disease, chronic valvular." The contention of plaintiff's counsel is that, in order to void a policy of industrial life insurance upon the ground relied upon here, it is not sufficient to show that at the time the application was made the applicant was afflicted with a serious disease, but that defendant must go further and prove that the misrepresentation with respect to his health was willful and that in this case there is not sufficient evidence to indicate that the assured was aware of the fact that he was suffering from a serious disease at the time he gave negative replies to the questions in the application concerning his state of health. Much reliance is placed upon the case of Strudwick Funeral Home, Inc., v. National Life & Accident Insurance Company, Inc., 176 So. 891, decided by this court November 15, 1937.

Act No. 160 of 1934 provides that a defense on the ground of fraud based upon willful false representations concerning the health of an applicant is sound. In discussing this act with particular reference to the word "willful" we held in the Strudwick Funeral Home Case that there must be evidence to show that the insured had knowledge of the serious character of his ailment, and that, consequently, an illiterate negro's negative replies to interrogatories concerning past illness was not a willful misrepresentation though the insured knew that he had a throat ailment, believed by him to be trivial, and died shortly after obtaining the policy from cardiac failure.

Turning to the record in this case, we find that Tom Johnson was admitted to the Charity Hospital on April 2, 1937, and was discharged a week later. The hospital record shows that he had "hypertensive heart disease with congestive failure"; that he had been "in and out (of the hospital) several times with congestive failure"; that "he first began having heart trouble about three years ago. Was treated here in hospital for dyspnea on exertion and edema of lower extremities. Since that time, he has had two attacks of failure. Present attack is about fourth."

Dr. N. J. Tessitore, who testified as an expert on behalf of the defendant, was shown the hospital records and, when asked whether the patient had suffered from his ailments a long time prior to his admission to the hospital, replied: "For a man to present the symptoms as he did and the findings as he had, there is no question that the condition existed over a long period of time and I will mention some of the salient features to show that. In the examination, we notice that his blood pressure is 250 over 166; you will notice that there is marked engorgement in the neck veins with marked neck pulsations; you will notice that there is moist rales at the base of both lungs and you will notice that the heart is definitely enlarged. You will notice that the abdomen is enlarged; that the liver is palpable to the umbilicus and that there is fluid in the abdomen and that there is an edema of the scrotum and penis. You will also notice that there is marked pitting edema from the hips downward. So, with those findings alone, the man apparently was in bad shape at that time."

It is evident that this case differs materially from the Strudwick Funeral Home Case, and our conclusion is that there is sufficient showing to warrant a holding that the deceased was afflicted with a serious disease at the time he applied for the policy and that he was aware of his condition, consequently, his misrepresentation must be held to be willful.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.